## WILLIAM M. SHAW v. AMOS ALEXANDER.

1. STATUTE OF LIMITATIONS : IN EJECTMENT—The Statute of Limitations commen-
ces running against an action of ejectment for the recovery of land, from the
time the claimant's cause of action accrued, and not from the date the title
vests in him.

2. AMENDMENT.—Amendments should be liberally allowed, under the Pleading Act
of 1850, but they should be made always exclusively for the purpose of reach-
ing the merits of the controversy: an amendment, therefore, will be ill-advised
and improper, which, being allowed after the evidence is closed, substitutes
instead of the plaintiff, the name of a third party, who is shown by the proof
to have no title to recover the thing demanded by the suit.

IN error from the Circuit Court of Monroe county. Hon. W.
L. Harris, judge.

E. G. Baker brought this action against Shaw to recover the
possession of the premises in controversy. The defendant pleaded
the Statute of Limitations, and the general issue. The plaintiff
introduced, in support of his bill, a patent from the United States,
dated 9th of December, 1845, conveying the land to Amos Alex-
ander, and also the certificates of entry, by which it appeared
that the land had been entered by said Alexander. Plaintiff then
introduced an original deed from said Alexander, conveying the
land in controversy to him, in trust for his wife, which deed was
dated 26th of February, 1851. This deed was objected to by de-
fendant, because its execution was not proven. The deed was re-
gularly acknowledged before the Probate Clerk of Monroe county,
and so certified under the seal of that court. The objection was
overruled, and the defendant excepted. Certain certificates and
deeds were then read, as noticed in the opinion of the court.
Plaintiff then proved that defendant had been in possession of the
land since 1849.

Defendant proved by two witnesses, "that two fields were cleared,
and some cabins were built before the land was entered in 1842;
that the defendant bought these improvements, one in 1841 or
1842, and the other in 1843 or 1844, and had been in possession
of the lands ever since."

The defendant asked the court to give two instructions to the jury. The first was refused, and is copied in the opinion of the court. The second was given, and is as follows: "That if the defendant had actual adverse possession of the land, under claim of title, however defective the title may be, for more than seven years before the commencement of this suit, they must find for defendant."

The plaintiff then moved to amend the declaration by striking out his name and inserting that of Amos Alexander, which was accordingly done. The defendant excepted to the amendment, and also to the refusal of the court to give his first instruction. The plaintiff had verdict and judgment, and the defendant moved for a new trial, which being refused, he tendered his bill of exceptions thereto, and sued out this writ of error.

*W. F. Dowd,* for plaintiff in error.

*Davis* and *Acker,* for defendant in error.

*T. J. Wharton,* on same side.

SMITH, C. J., delivered the opinion of the court.

This was an action of ejectment tried in the Circuit Court of Monroe county. The suit was originally instituted in the name of Edward G. Baker; but by an amendment, his name was stricken out and that of the defendant in error inserted in the complaint.

On the trial, the plaintiff read in evidence a patent from the United States to Amos Alexander, for the lands in controversy. He offered also a deed, executed by the said Alexander to himself, for the lands. He offered likewise the certificates of entry, certain tax collector's deeds, receipts for the payment of taxes, and certificates of the auditor of public accounts, the object of which is not understood, and proved the possession of the defendant at the time of the commencement of the suit. The patent from the United States was issued on the 9th of December, 1845.

The defendant then offered evidence, which tended to prove that he was in possession of the land, and held it adversely from 1843

Shaw *v.* Alexander.

or 1844. And the evidence on both sides having been closed and the jury charged, upon motion of the plaintiff's counsel, the pleadings were amended in the manner above stated. A verdict was rendered for the plaintiff. A motion was made for a new trial, which was overruled; and a bill of exceptions filed which embodies the evidence.

A reversal of the judgment is claimed. 1st, because the court refused the first charge requested by the plaintiff in error. 2nd, because the court permitted the pleadings to be amended at the time, and in the manner stated; and 3rd, because the motion for a new trial was overruled.

1. The instruction referred to, is in the following words: " That if the jury believe from the evidence, that the right or title of the plaintiff, and of Alexander his vendee, to the land in controversy, or his right of action against the defendant for the same, accrued more than seven years next before the commencement of this suit, they must find for the defendant."

The first section of the Act of the 24th of February, 1844, Hutch. Dig. 829, amendatory of the prior acts of limitation, was intended to apply to cases in which the cause of action of the claimant accrued more than seven years before the institution of his suit. As, for example, where the title of the claimant to the lands in dispute, arose pending an adverse holding; in such case the title to the land and the right to sue for its recovery attached at the same instant of time; and if suit is not brought within seven years thereafter, the action would be barred, unless the party suing is protected by some one of the provisoes to the statute. Or where a party having acquired title at any previous period of time, is ousted of his possession, and the land held adversely, if he delay the assertion of his rights by suing to regain the possession, for the period of seven years from such ouster, the bar of the statute will attach. In the case last supposed, it is too manifest to require a statement of the proposition, that the right of action accrued upon the disseisin of the claimant, and not at the inception of his title. The error into which counsel have fallen, is the supposition that the legislature intended to fix, as the point from which the statute commences to run, the period of time at which the title to land

vests in the claimant, and not that at which the right to sue for its recovery attached.

Under the rule laid down by the instruction, although the defendant might not have held the adverse possession of the land for seven years, the jury would have been bound to find for him, if the evidence showed that the title of the plaintiff accrued more than seven years before the commencement of the suit. The court was therefore correct in refusing the instruction.

2. The court, by the Act of 1850, changing the form of pleading, is vested with a very broad discretion in regard to amendments. Pursuant to the spirit of the Act, their authority should be liberally exercised, but always for the purpose exclusively, of reaching the merits of the controversy. And we are not prepared to say that an amendment would not be proper, even after the jury have been charged. The propriety of amendments must always depend upon the circumstances of each case ; and hence they are not to be tested alone by the time or the stage of the controversy at which they are allowed.

3. But in this case we think the amendment should not have been allowed. Not however, for the reasons, that by the amendment the plaintiff was injured, but because the amendment was inconsistent with the only object which the legislature had in view, when they vested the circuit courts with jurisdiction over the subject. By striking out the name of Baker, the party in whose name the action was originally brought, and inserting that of Alexander, through whom he derived title, the cause was made to assume a shape in which the evidence offered by the plaintiff effectually precluded the jury from finding for him, however weak and insufficient the defendant's evidence might be.

Before the amendment was made in the pleadings, Baker, as the plaintiff, read as evidence to the jury, certificates of entry issued to Alexander, and a patent from the United States for the land, and a deed from the patentee, formally executed and acknowledged, conveying the same to himself. The introduction of the deed from Alexander to Baker was objected to on the ground that it was not legally proved ; but the court correctly overruled the objection. That deed, if it were not conclusive proof, as between

Baker and the defendant, that Baker was the legal owner of the land, and as such entitled to recover, was unquestionably conclusive evidence that Alexander was not. Thus the plaintiff's own evidence before the jury, upon which they were compelled exclusively to found their verdict, if they found at all for him, showed conclusively that he was not the owner of the land, but that the title was outstanding in the hands of a stranger to the suit. The amendment was ill-advised and improper, and the verdict erroneous, and should have been set aside upon the motion of the plaintiff in error.

Judgment reversed and new trial awarded.